IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Brandon Jerod Smith,<br>  Plaintiff, | )<br>)<br>) |
| v. | )     1:13cv1173 (CMH/TRJ) |
| | ) |
| L.B. Chilcote, et al.,<br>  Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Brandon Jerod Smith, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants are violating his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. By Order dated October 31, 2013, plaintiff was instructed to particularize and amend his allegations. After careful review of plaintiff's amended complaint, it is clear that the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I. Background

Plaintiff alleges he has suffered from excruciating migraines since May 2013 Am Compl. 2. Plaintiff alleges that his migraines are the result of a head injury but that Dr. Ulep refuses to order an X-Ray to discover "what type." Id. Plaintiff then lists the many sick call requests and grievances he filed. On several occasions, defendant Webb gave plaintiff pain medication "to assist with the excruciating migraines." Id. at 3. Plaintiff then states that Dr. Ulep reviewed all of his sick call requests but "refused to order a test" to determine the source of the pain. Id. Plaintiff states that he

---

[1] Section 1915A provides:
    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

has written defendant Ray but that she "refused to answer [his] request but hands them off to someone else." Plaintiff alleges that on May 4, 2013, defendant Tweet "vindictively and with impunity denied [him] medical attention and falsified information to the Charge nurse." Id. He then states that on August 5, 2013, defendant "Jane Doe" refused [him his] medication vindictively and with impunity and falsified information in [his] medical record." Id.

He then states that he was assessed "by [defendant] Webb over six (6) times to be tested for herpes and [defendant] Webb deliberately refused to examine [his] groin area to make an adequate report of her observations." Id. at 4. He then states that Dr. Ulep refused to order testing to "help alleviate the excruciating symptoms." Plaintiff concludes by arguing that he "has been and continues [sic] to be irreparably injured by the conduct of the defendants." Id. at 4.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice[,]" however, to meet this standard, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### III. Analysis

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). A prisoner's disagreement with medical personnel over the course of his treatment will not support an Eighth Amendment cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Thus, "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." Estelle, 429 U.S. at 107.

Defendant Ray

In total, plaintiff's allegations against defendant Ray state that plaintiff has written defendant Ray but that she "refused to answer [his] request but hands them off to someone else." Compl. 3. These allegations are nothing more than "mere conclusory statements" and do not state facts upon which relief can be granted. See Twombly, 550 U.S. at 555. As such, plaintiff has failed to state a claim against defendant Ray.

Defendant Ulep

Plaintiff's allegations against defendant Ulep center around defendant Ulep's alleged refusal to order an x-ray to determine the source of plaintiff's migraines and refusal to order a test to see if plaintiff has herpes. Am. Compl. 1, 3. These allegations fail to state a claim as it has been held that "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." Estelle, 429 U.S. at 107. As such, plaintiff has failed to state a claim against Defendant Ulep.

Defendant Webb

Plaintiff's own allegations admit that he has received medical care from defendant Webb. He states that defendant Webb gave him pain medication "to assist with the excruciating migraines" and that six times she assessed him for herpes. Am. Compl. 3. That defendant Webb declined to examine plaintiff's groin during her assessment fails to show that defendant Webb acted with the required actual intent or reckless disregard for plaintiff's medical needs. See Estelle, 429 U.S. at 106. As such, plaintiff's allegations against defendant Webb fail to state a claim upon which relief can be granted.

Defendants Tweet, Johnson, and Doe

Plaintiff's claims against each of these defendants are nearly identical. He states that on different dates each refused him his medication, or medical attention, "vindictively and with impunity" and falsified information in his medical record. Am. Compl. 3. Plaintiff, however, fails to

4

provides any facts as to *how* these defendants denied him medical treatment, what medication was refused, and what information was falsified. These bare and conclusory allegations fail to state a claim upon which relief can be granted. See Twombly, 550 U.S. at 555.

### IV. Motion for Preliminary Injunction

Also before the Court is Plaintiff's Motion for a Preliminary Injunction. Docket No. 9. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter v. Nat'l Res. Def. Council, 555 U.S. 7, 22 (2008). For the reasons stated in part III, plaintiff has failed to state a claim for which relief can be granted. As such, he has failed to show that he is likely to succeed on the merits, and his motion for a preliminary injunction will be denied.

Accordingly, it is hereby

ORDERED that plaintiff's Motion for a Preliminary Injunction (Docket # 9) be and is DENEID; and it is further

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

---

[2] 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ORDERED that plaintiff's Motion for Leave to Proceed In forma Pauperis (Docket # 7) be and is DENIED, as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff and to close this civil action.

Entered this 12th day of February 2014.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia